# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| Base10 Genetics, Inc., <br><br>                           Plaintiff <br><br> v. <br><br> AGEMO Holdings, LLC, ASBR Holdings, LLC, Distinct Group Holdings, LLC, Spring Holdings, LLC, and Signature Healthcare, LLC, <br><br>                          Defendants | C.A. No. _____ |

## NOTICE OF REMOVAL

Pursuant to 28 U.S.C. §§ 1332, 1441, and 1446, Defendants AGEMO Holdings, LLC; ASBR Holdings, LLC; Distinct Group Holdings, LLC; Spring Holdings, LLC; and Signature Healthcare, LLC, by counsel, give notice of their removal to this Court of the action commenced against them in the Superior Court for the State of Delaware styled *Base10 Genetics, Inc. v. AGEMO Holdings et al.*, Case No. N22C-11-205 FJJ (the "State Court Action"). Removal is proper for the following reasons:

1. On November 22, 2022, Plaintiff commenced this action by filing a complaint and summons in the Superior Court of the State of Delaware. Defendants were served with the Complaint and summons on December 6, 2022 by virtue of service through Defendants' registered agent for process. A true and correct copy of the pleadings and other documents served on Defendants is attached as **Exhibit A**.

2. This Notice is given within 30 days of Defendants receiving notice, through service of process, of this action being commenced against them.

3. This Court has diversity jurisdiction under 28 U.S.C. §§ 1332 and 1441 for the following reasons:

a. Plaintiff is a corporation incorporated in the State of Delaware with a principal place of business in Chicago, Illinois. Ex. A, Compl. ¶ 4. Accordingly, for diversity jurisdiction purposes, Plaintiff is a citizen of the State of Delaware and the State of Illinois. *Lincoln Ben. Life Co. v. AEI Life, LLC*, 800 F.3d 99, 104 (3rd Cir. 2015).

b. Defendants all are limited liability companies. Accordingly, for diversity jurisdiction purposes, each Defendant has the citizenship of its ultimate corporate or natural-person members. *Id.* at 104–05.

c. Defendant AGEMO Holdings, LLC is a limited liability company, and so, for diversity jurisdiction purposes, has the citizenship of its ultimate membership. AGEMO's membership and sub-membership consists of citizens of Alaska, California, Connecticut, Florida, Indiana, Kentucky, Nevada, New Jersey, New Mexico, New York, Tennessee, Texas, Australia, France, Israel, and the United Kingdom.

   i. Accordingly, for diversity jurisdiction purposes, AGEMO Holdings, LLC is a citizen of Alaska, California, Connecticut, Florida, Indiana, Kentucky, Nevada, New Jersey, New Mexico, New York, Tennessee, Texas, Australia, France, Israel, and the United Kingdom.

d. Defendants ASBR Holdings, LLC; Distinct Group, LLC; Spring Holdings, LLC; and Signature Healthcare, LLC are limited liability companies that all have the same members and sub-members. ASBR Holdings, LLC's; Distinct Group, LLC's; Spring Holdings, LLC's; and Signature Healthcare,

        LLC's membership and sub-membership consists of citizens of Alaska, California, Connecticut, Florida, Indiana, Kentucky, Nevada, New Jersey, New Mexico, New York, Tennessee, Texas, Australia, France, Israel, and the United Kingdom.

        i. Accordingly, for diversity jurisdiction purposes, ASBR Holdings, LLC; Distinct Group, LLC; Spring Holdings, LLC; and Signature Healthcare, LLC all are citizens of Alaska, California, Connecticut, Florida, Indiana, Kentucky, Nevada, New Jersey, New Mexico, New York, Tennessee, Texas, Australia, France, Israel, and the United Kingdom.

e. Plaintiff thus is a citizen of Delaware and Illinois. Defendants, in contrast, are citizens of Alaska, California, Connecticut, Florida, Indiana, Kentucky, Nevada, New Jersey, New Mexico, New York, Tennessee, Texas, Australia, France, Israel, and the United Kingdom.

f. At the time of the commencement of the State Court Action and upon the date of the filing of this Notice of Removal, Plaintiff and Defendants were, and continue to be, citizens of different states.

g. The State Court Action seeks money damages from Defendants in excess of the amount-in-controversy threshold for diversity jurisdiction, expressly pleading, as but one example, "over $2 million dollars in accrued amounts for services under the original written contracts, and an additional $1 million in amounts for COVID-19 antigen testing and related services." Ex. A ¶ 49.

4. Because the parties are citizens of different states and because the amount in controversy exceeds the jurisdictional minimum, original jurisdiction exists in the federal court pursuant to 28 U.S.C. § 1332 and the case may be removed to this Court. 28 U.S.C. § 1441(b).

5. Pursuant to 28 U.S.C. § 1446(d), copies of this Notice of Removal with its exhibits and a Notice of Removal Directed to State Court, attached as **Exhibit B**, will be served upon Plaintiff's counsel and filed with the Clerk of Court in the State Court Action.

6. Venue is proper in this Court pursuant to 28 U.S.C. §§ 1441(a)( and 1446(a) because this Court is the United States District Court for the district embracing the place where the State Court Action is pending.

Respectfully submitted,

Gellert Scali Busenkell & Brown LLC

*/s/ Michael Busenkell*
Michael Busenkell (DE 3933)
1201 N. Orange St., Ste. 300
Wilmington, DE 19801
Tel: (302) 425-5812
mbusenkell@gsbblaw.com

and

Kaplan Johnson Abate & Bird LLP
Michael T. Leigh (pro hac vice forthcoming)
710 W. Main St., 4th Fl.
Louisville, KY 40202
Tel: (502) 434-4243
mleigh@kaplanjohnsonlaw.com

*Counsel for Defendants*