IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

BASE10 GENETICS, INC.,

    Plaintiff,

v.

AGEMO HOLDINGS, LLC,
ASBR HOLDINGS, LLC,
DISTINCT GROUP HOLDINGS, LLC,
SPRING HOLDINGS, LLC, AND
SIGNATURE HEALTHCARE, LLC,

    Defendants.

C.A. No. 23-14-GBW

## MEMORANDUM ORDER

Before the Court is Plaintiff Base10 Genetics, Inc.'s Motion for Remand (D.I. 9, the "Motion for Remand"), which this Court grants-in-part.

After Plaintiff commenced this action in the Superior Court of the State of Delaware, D.I. 1, Defendants filed a Notice of Removal in this Court asserting diversity jurisdiction under 28 U.S.C. §§ 1332 and 1441. *Id.* ¶ 3. As to Plaintiff's citizenship, Defendants state that Plaintiff "is a corporation incorporated in the State of Delaware with a principal place of business in Chicago, Illinois," concluding that "for diversity jurisdiction purposes, Plaintiff is a citizen of the State of Delaware and the State of Illinois." *Id.* ¶ 3(a). As to Defendants' citizenship, Defendants state that, "Defendant AGEMO Holdings, LLC is a limited liability company, and so, for diversity jurisdiction purposes, has the citizenship of its ultimate membership. AGEMO's membership and sub-membership consists of citizens of Alaska, California, Connecticut, Florida, Indiana, Kentucky, Nevada, New Jersey, New Mexico, New York, Tennessee, Texas, Australia, France, Israel, and the United Kingdom." *Id.* ¶ 3(c). Defendants also state that, "Defendants ASBR

Holdings, LLC; Distinct Group, LLC; Spring Holdings, LLC; and Signature Healthcare, LLC are limited liability companies that all have the same members and sub-members. ASBR Holdings, LLC's; Distinct Group, LLC's; Spring Holdings, LLC's; and Signature Healthcare, LLC's membership and sub-membership consists of citizens of Alaska, California, Connecticut, Florida, Indiana, Kentucky, Nevada, New Jersey, New Mexico, New York, Tennessee, Texas, Australia, France, Israel, and the United Kingdom." *Id.* ¶ 3(d). Defendants do not identify any of their members or sub-members. Accordingly, Plaintiff moved to remand, arguing, *inter alia*, that Defendants have not established a basis for diversity jurisdiction. *See generally* D.I. 10 & 16.

"The exercise of removal jurisdiction is governed by 28 U.S.C. § 1441(a) which states that, in order to remove a civil action from state court to federal court, a district court must have original jurisdiction by either a federal question or diversity of citizenship." *Block v. Genentech, Inc.*, C.A. No. 09-555-GMS, 2009 WL 3094893, at *1 (D. Del. Sept. 25, 2009). Diversity jurisdiction under 28 U.S.C. § 1332(a)(1) requires complete diversity, which means "no plaintiff can be a citizen of the same state as any of the defendants." *Grand Union Supermarkets of the Virgin Islands, Inc. v. H.E. Lockhart Mgmt., Inc.*, 316 F.3d 408, 410 (3d Cir. 2003). The citizenship of an LLC is determined by the citizenship of its members. *Zambelli Fireworks Mfg. Co. v. Wood*, 592 F.3d 412, 420 (3d Cir. 2010). The removing party bears the burden to establish federal subject matter jurisdiction. *Johnson v. SmithKline Beecham Corp.*, 724 F.3d 337, 346 (3d Cir. 2013).

Here, Defendants have not met their burden to establish federal subject matter jurisdiction. Although Defendants list various states and countries purportedly constituting their members and sub-members' citizenship, D.I. 1 ¶ (e), Defendants do not actually identify any of their members or sub-members. Although Defendants maintain they do not need to "since Base10 identifies no factual basis to question this Court's jurisdiction," D.I. 13 at 2-3, the Court has "an independent

2

obligation to determine whether subject-matter jurisdiction exists, even in the absence of a challenge from any party." *Arbaugh v. Y&H Corp.*, 546 U.S. 500, 514 (2006). Accordingly, Defendants will be ordered to identify the name and citizenship of each member and sub-member of each Defendant LLC entity.

Defendants represent that they "would readily submit supplemental briefing to support any further information the Court thinks it needs to make a jurisdiction analysis, though would request such material be submitted either for *in camera* inspection or filed under seal," apparently because Defendants fear additional lawsuits. *Id.* at 19; *Id.* at 12 n. 3 ("To be clear, Defendants try to closely guard their ultimate membership, as the nursing home industry is subjected to daily lawsuits, many of which seek to name every person who any information suggests might be interested in a particular nursing home facility, an occurrence that has become a deluge in the wake of COVID-19. Defendants' [sic] here are the subject of at least one new lawsuit every two weeks in the Commonwealth of Kentucky alone naming not just a facility at which a person received nursing-home care, but every person, including any owners or owners of owners, who they can find information suggesting another pocket for potential recovery in litigation.").[1]

Although Defendants seek to keep their members and sub-members' identities confidential, they neither cite to the applicable legal standard nor support their request with any argument "that the material [a party seeks to keep from the public domain] is the kind of information that courts will protect and that disclosure will work a clearly defined and serious injury to the party seeking closure." *In re Avandia Mktg., Sales Pracs. & Prod. Liab. Litig.*, 924 F.3d 662, 672 (3d Cir. 2019) (quoting *Miller v. Ind. Hosp.*, 16 F.3d 549, 551 (3d Cir. 1994)). Accordingly, Defendants' request to submit their supplemental materials under seal or *in camera*

---

[1] Plaintiff opposes Defendants' request. D.I. 16 at 8-9.

is denied without prejudice to renew should Defendants support any such request consistent with the applicable standards.

\* \* \*

**WHEREFORE**, this 30th day of May, 2023, **IT IS HEREBY ORDERED** that Plaintiff Base10 Genetics, Inc.'s Motion for Remand (D.I. 9) is **GRANTED-IN-PART** as follows:

1. Within fourteen (14) days, Defendants AGEMO Holdings, LLC, ASBR Holdings, LLC, Distinct Group Holdings, LLC, Spring Holdings, LLC, and Signature Healthcare, LLC ("Defendants") shall file a supplemental submission (the "Supplemental Submission") identifying the name and citizenship of every member and sub-member of AGEMO Holdings, LLC, ASBR Holdings, LLC, Distinct Group Holdings, LLC, Spring Holdings, LLC, and Signature Healthcare, LLC, proceeding through the chain of ownership until Defendants have identified the name and citizenship of any member entity impacting this Court's evaluation of its subject matter jurisdiction over this matter.

2. Defendants may file the Supplemental Submission under seal only if accompanied by a properly supported motion compliant with applicable legal standards.

3. Should Defendants fail to file a Supplemental Submission, the Court will remand this action to the Superior Court of the State of Delaware.

GREGORY B. WILLIAMS
UNITED STATES DISTRICT JUDGE