IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

Base10 Genetics, Inc.,

                Plaintiff,

v.

AGEMO Holdings, LLC,
ASBR Holdings, LLC,
Distinct Group Holdings, LLC,
Spring Holdings, LLC, and
Signature HealthCARE LLC,
                Defendants.

Civil Action No. 23-cv-00014

## MEMORANDUM ORDER[1]

Presently before the Court is Plaintiff Base10 Genetics, Inc.'s ("Plaintiff") Motion to Remand this matter to the Superior Court of the State of Delaware (hereinafter the "Delaware Superior Court") pursuant to 28 U.S.C. §§ 1446, 1447, and the Court's inherent authority. Plaintiff additionally requests an award of attorney fees and costs incurred as a result of Defendants' removal. D.I. 37. Defendants AGEMO Holdings, LLC, ASBR Holdings, LLC, Distinct Group Holdings, LLC, Spring Holdings, LLC, and Signature Healthcare, LLC ("Defendants") oppose this Motion. D.I. 13. Having reviewed the parties briefing (D.I.s 9-11, 13, 23-28, 31-34, 36-39), the Court grants Plaintiff's Motion for Remand and awards Plaintiff its reasonable attorneys' fees.

### I. LEGAL STANDARD

"The exercise of removal jurisdiction is governed by 28 U.S.C. § 1441(a) which states that, in order to remove a civil action from state court to federal court, a district court must have

---

[1] The Court writes for the parties and assumes their familiarity with this action.

1

original jurisdiction by either a federal question or diversity of citizenship." *Block v. Genentech, Inc.*, C.A. No. 09-555-GMS, 2009 WL 3094893, at * 1 (D. Del. Sept. 25, 2009). Federal diversity jurisdiction "applies only to cases in which the citizenship of each plaintiff is diverse from the citizenship of each defendant." *Caterpillar Inc. v. Lewis*, 519 U.S. 61, 68 (1996). An LLC is a citizen in every state in which its members are citizens. *See Zambelli Fireworks Mfg. Co. v. Wood*, 592 F.3d 412, 418 (3d. Cir. 2010). In asserting diversity jurisdiction, LLC defendants must provide the citizenship of *each* of their individual members. *See Lincoln Ben Life Co. v. AEI Life, LLC*, 800 F.3d 99, 108 n.36 (3d Cir. 2015) (emphasis added).

If, at any time before final judgment, the district court discovers that it lacks subject matter jurisdiction to hear the case, the case must be remanded. 28 U.S.C. § 1447(c). Because lack of jurisdiction would make any decree in the case void and the continuation of the litigation in federal court futile, the removal statute should be strictly construed, and all doubts should be resolved in favor of remand. 14 C. Wright, A. Miller & E. Cooper, Federal Practice and Procedure § 3642, at 149 (2d ed. 1985); *Wood v. Home Insurance Company*, 305 F.Supp. 937, 938 (C.D.Cal.1969). It is the defendant's burden to show the existence of federal jurisdiction. *Pullman Company v. Jenkins*, 305 U.S. 534, 537, 540 (1939).

## II. DISCUSSION

### 1. Defendants Have Not Met Their Burden of Establishing Diversity of Citizenship.

In response to a motion to remand filed by Plaintiff in February 2023, this Court held that "Defendants ha[d] not met their burden to establish federal subject mater jurisdiction" because Defendants failed to "identify any of their members or sub-members." D.I. 21 at 2. To meet their burden, the Court issued an order requiring Defendants to identify the names and domiciles of each

of their members. *Id.* Shortly after the Court's order, Defendants filed a Motion for Leave to file the names of their members and sub-members under seal "to protect the privacy of those members and sub-members from a deluge of frivolous lawsuits." D.I. 27 at 3. In an accompanying supplemental submission, Defendants filed an affidavit from an ultimate member Michael S. Turner (hereinafter the "Affidavit"), in which Turner admitted that Defendants confirmed the citizenship of all but one member company when the case was first removed. *See* D.I. 28-1 at ¶¶ 6-7. Turner additionally noted that 750 sub-members of member Morongo Band of Mission Indians still "refused" to provide Defendants with their names. *Id.* ¶ 7. This Court ultimately denied Defendants' Motion to Seal, D.I. 35, and shortly thereafter, Defendants filed another supplemental submission still omitting the names of the 750 sub-members of Morongo Band of Indians. D.I. 36. According to Turner, he attempted "many times" to convince the members to provide their names, but ultimately could not "force these people to provide their names in order for Defendants to provide them to this Court." D.I. 28-1 at ¶ 3. Turner notes, however, that he has investigated and confirmed that no members or sub-members are citizens of either Delaware or Illinois. *Id.*

Critically here, Defendants have the burden of establishing complete diversity. *Johnson v. SmithKline Beecham Corp.*, 724 F.3d 337, 346 (3d Cir. 2013) ("[T]he burden is on the removing party to establish federal jurisdiction."). While Defendants contend that Turner's Affidavit is sufficient to meet this burden, the Court disagrees. *See* D.I. 39 at 2-3. In his Affidavit, Turner admits that he was unable to determine the names and identities of 750 sub-members. D.I. 28-1 at ¶ 7. Despite this, Turner claims that he was able to confirm the citizenship of each unnamed sub-member for purposes of establishing the existence of diversity jurisdiction. *Id.* at ¶ 8. According to Turner, he did so by reviewing Defendants' records which revealed that each of the 750 sub-

3

members "reside[s] on the Morongo Indian Reservation in Banning, California." *Id.* at ¶ 7. Turner further contends that Defendants' records disclosed that "none of them reside or have any connection to either Delaware or Illinois." *Id.* Yet, Turner does not provide any information about the records that he reviewed or how those records were used to confirm that no sub-members had any connections to Delaware or Illinois. The Court, like Plaintiff, questions how Turner can be certain of each sub-member's domiciles while also failing to learn their identities. D.I. 37 at 3-4.

Moreover, Defendants' prior filings contradict Turner's Affidavit and raise significant doubts about Defendants' claims that diversity of citizenship was confirmed for each of its members. Turner notes in his Affidavit that he inquired as to the specific membership and domicile of every member and sub-member before Defendants filed for removal, which is consistent with Defendants' earlier claims. *See* D.I. 28-1 at ¶ 6; D.I. 13 at 13-14. Yet Turner adds that he was "able to confirm the domicile of every member . . . except for one member corporation." D.I. 28-1 at ¶ 6. Turner additionally notes that he could not determine the names of the 750 sub-members. *Id.* at ¶ 7. In their earlier-filed response to Plaintiff's Motion to Remand, however, Defendants affirmed to the Court that they had already confirmed the domicile of every member and sub-member, and Defendants made no mention of the 750 nameless sub-members or the single member corporation whose domicile was still unknown. *See* D.I. 13. Instead, Defendants noted that they "*did* trace its membership all the way through" and allegedly listed "the specific states of membership of each member and sub-member" in their notice of removal. *Id.* at 16 (emphasis in original).

Without addressing the inconsistencies between Turner's Affidavit and Defendants' earlier pleadings, Defendants now argue that Plaintiff's request for remand should be denied because the Court's analysis is limited "to the allegations of the pleadings, which must be construed in the light

4

most favorable to Defendants." D.I.39 at 1-2. Defendants, however, misconstrue the legal standard applicable here. In deciding whether a matter was properly removed, "all doubts should be resolved in favor of remand." *Steel Valley Auth. v. Union Switch and Signal Div.*, 809 F.2d 1006, 1010 (3d Cir.1987) (citing *Abels v. State Farm Fire & Cas. Co.*, 770 F.2d 26, 29 (3d Cir.1985)), *cert. dismissed sub nom. American Standard v. Steel Valley Auth.*, 484 U.S. 1021, 108 S.Ct. 739, 98 L.Ed.2d 756 (1988). Thus, as Plaintiff notes, the burden remains with Defendants. *See* D.I. 37 at 4. And in the case that the Court has doubts about the conflicting claims made by Defendants, those reservations must weigh in favor of granting Plaintiff's Motion. *See Rocchino v. Giant Food Stores, Inc.*, No. 04-CV-03923, 2005 WL 8176799, at *1 (E.D. Pa. Sept. 12, 2005) (granting remand after declining to "accept the averments in the affidavit and end our inquiry" when the court questioned the affiant's credibility).

Further, *Lincoln Ben. Life Co. v. AEI Life, LLC*, 800 F.3d 99 (3d Cir. 2015), the Third Circuit decision cited by Defendants, does not support Defendants' proposition that Plaintiff's challenge is a "limited challenge." *See* D.I. 39 at 1-2. *Lincoln Ben. Life*, unlike this matter, involved an appeal by a plaintiff of a district court's dismissal for lack of subject matter jurisdiction. 800 F.3d at 102-103. There, the district court held that diversity of citizenship was not proven where plaintiff's complaint alleged that complete diversity existed but did not affirmatively list the citizenship of each of defendant's members. *Id.* In overruling the district court's dismissal, the Third Circuit held that "a ***plaintiff*** need not affirmatively allege the citizenship of each member of an unincorporated [defendant] association in order to get past the pleading stage." *Id.* at 102 (emphasis added). The Third Circuit provided the reasoning for its decision by noting that the identities of a defendant's members "may be unknown to the plaintiff even after a diligent pre-filing investigation," thus "if the plaintiff is able to allege in good faith,

5

after a reasonable attempt to determine the identities of the members of the association, that it is diverse from all of those members, its complaint will survive a facial challenge to subject-matter jurisdiction." *Id.* Defendants do not explain why the same logic would apply where a defendant is asked to identify its *own* citizenship. Rather, as Plaintiff highlights, the Court believes "there is no reason to excuse Defendants of their obligation to plead the citizenship of each of their own members." D.I. 37 at 4.

Accordingly, under these circumstances and resolving any doubts in favor of remand, the Court finds that Defendants have failed to prove diversity of citizenship. Thus, Plaintiff's Motion is granted.

## 2. Plaintiff is Entitled to Attorneys' Fees and Related Costs.

Defendants argue that the Court should deny Plaintiff's request seeking attorneys' fees because Defendants' diversity claims were "objectively reasonable" and Plaintiff has not "identified any concrete factual basis to challenge Defendants' showing." D.I. 39 at 3-4. Rather, Defendants contend that, "[i]f [Plaintiff] prevails on its motion to remand, [Plaintiff] will have merely prevailed on a hard-fought, good faith dispute." *Id.* For the following reasons, the Court disagrees.

Pursuant to 28 U.S.C. § 1447(c), when removal of an action is improper—regardless of whether it was removed in "bad faith"—a plaintiff may be entitled to recover the attorneys' fees, costs, and expenses associated with opposing the removal. *See Mints v. Educ. Testing Serv.*, 99 F.3d 1253, 1259 (3d Cir.1996) (concluding that a court "may require the payment of fees and costs by a party which removed a case [and] the court then remanded, even though the party removing the case did not act in bad faith"). "[A] district court has broad discretion and may be flexible in

6

determining whether to require the payment of fees under section 1447(c)." *Mints v. Educational Testing Service*, 99 F.3d 1253, 1260 (3d Cir.1996). "The appropriate test for awarding fees under § 1447(c) should recognize the desire to deter removals sought for the purpose of prolonging litigation and imposing costs on the opposing party, while not undermining Congress' basic decision to afford defendants a right to remove as a general matter, when the statutory criteria are satisfied." *Martin v. Franklin Capital Corp.*, 546 U.S. 132, 140 (2005). "Absent unusual circumstances, courts may award attorney's fees under § 1447(c) only where the removing party lacked an objectively reasonable basis for seeking removal." *Id.* at 141. "Conversely, when an objectively reasonable basis exists, fees should be denied." *Id.* "In applying this rule, district courts retain discretion to consider whether unusual circumstances warrant a departure from the rule in a given case." *Id.* For example, "a plaintiff's ... failure to disclose facts necessary to determine jurisdiction may affect the decision to award attorney's fees." *Id.*

Here, the Court finds that Defendants lacked an objectively reasonable basis for removal or, at the very least, failed to disclose necessary facts for determining jurisdiction. After Defendants removed this case on the basis of diversity jurisdiction, Defendants represented to this Court that they had "investigated and ***confirmed*** the citizenship of every member and sub-member of the Defendants." D.I. 13 at 13-14. In fact, Defendants claimed to have "trace[d] its membership all the way through." *Id* at 16. Yet, only after the Court ordered Defendants to disclose the names of their members and sub-members in May 2023, D.I. 21, did Defendants assert—for the first time—that they had in fact been unable to confirm the domicile of "one member corporation," which was only later determined to have a single member domiciled in Israel. D.I. 28 at 1-2. Moreover, Defendants admitted, again for the first time, that 750 sub-members refused to provide

Defendants their names, further contradicting Defendants' earlier claims that diversity of citizenship was traced and confirmed. *Id.*

To be clear, the Court does not—and need not—find that Defendants acted in bad faith or intentionally to deceive the Court. Rather, the Court finds that Defendants had a duty to investigate the citizenship of their members. *See Lincoln Ben. Life*, 800 F.3d at 108 n.36. ("Of course, where the unincorporated association is the proponent of diversity jurisdiction, there is no reason to excuse it of its obligation to plead the citizenship of each of its members."). Defendants not only failed to do so, but they falsely asserted that diversity of citizenship had been confirmed. *See Traeger Grills East, LLC v. Traeger Pellet Grills, LLC*, 2011 U.S. Dist. LEXIS 130349, at *20 (D. Or. Nov. 8, 2011) ("Defendant's repeated conclusory statements that complete diversity exists between the parties while not knowing its own citizenship [was] an objectively unreasonable assertion of subject matter jurisdiction, especially considering that [the d]efendant filed a motion for an extension of time for the purpose of determining its own citizenship . . . weeks after [d]efendant asserted diversity jurisdiction in its Notice."). These actions, even if taken unintentionally, prevented Defendants from learning that they lacked the factual bases to allege diversity jurisdiction before they removed this case from the Delaware Superior Court.

Thus, the Court agrees with Plaintiff that Defendants' failure to investigate their own diversity before removing this case was objectively unreasonable, and their allegations to this Court that they had confirmed diversity of citizenship were misleading. The Court therefore grants Plaintiffs' Motion seeking attorneys' fees and other costs incurred as a result of Defendants' removal.

8

### 3. **The Fees Sought by Plaintiff are Reasonable.**

Because Defendants have not challenged the reasonableness of Plaintiff's rates or any of the time Plaintiff alleges to have spent defending against Defendants' removal, the Court finds that Defendants waived any opposition to Plaintiff's alleged fees. Regardless, having reviewed Plaintiff's billing summaries, the Court finds that the rates charged by Plaintiff's counsel are in line with the prevailing market rates in Delaware and nationally. *See* D.I. 38. Additionally, Plaintiff's claim that counsel worked a total of 63.1 hours are reasonable and appropriate under the circumstances and given the numerous motions filed before this Court following Defendants' removal. *Id.* Accordingly, the Court awards Plaintiff costs and actual expenses in the amount of $31,991.00.

### III. CONCLUSION

For the foregoing reasons, Plaintiff's Motion to Remand is GRANTED.

\* \* \*

WHEREFORE, this 18th day of December, 2023, IT IS HEREBY ORDERED that:

1. Plaintiff's Motion to Remand is GRANTED, and this matter will be remanded to the Delaware Superior Court.

2. Plaintiff is awarded its reasonable attorneys' fees in the amount of $31,991.00.

/s/ GREGORY B. WILLIAMS<br>
GREGORY B. WILLIAMS<br>
UNITED STATES DISTRICT JUDGE